UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE L. NELSON,

      Plaintiff,

v.                                    Case No. 1:21-cv-593
                                    Hon. Jane M. Beckering

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant,

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her claim for disability insurance benefits (DIB).

Plaintiff filed an application for DIB on July 2, 2019, alleging a disability onset date of October 31, 2017.  PageID.43.  An administrative law judge (ALJ) denied plaintiff's earlier claim for benefits and found that she was not disabled through November 2, 2017.  PageID.98-110.[1]  Plaintiff identified her disabling conditions as fibromyalgia, major depressive disorder, chronic back pain, bipolar affective disorder, and hypothyroidism.  PageID.272.  Plaintiff completed one year of college and has past relevant work as a medical equipment sterilizer. PageID.55.  An ALJ reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on August 13, 2020.  PageID.43-57.  This decision, which was later approved by the

---

[1] While it has been established that plaintiff was not disabled through November 2, 2017, the ALJ appears to have evaluated plaintiff's disability from the alleged disability onset date of October 31, 2017.  *See infra*.

Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.      LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).  A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than twelve months.  *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the [Commissioner] to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.    ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation.  At the first step, the ALJ found that plaintiff did not engage in substantial gainful activity from her alleged onset date of October 31, 2017, through her date last insured of December 31, 2018.  PageID.45. At the second

step, the ALJ found that through the date last insured, plaintiff had severe impairments of: degenerative disc disease of the lumbar spine, status post-fusion surgery; fibromyalgia; obesity; hypothyroidism; bipolar disorder; depression; and anxiety.  PageID.45.  At the third step, the ALJ found that through the date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  PageID.46.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a). The claimant could only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, and she could never climb ladders, ropes, or scaffolds. Furthermore, the claimant could do no more than frequent work in extreme cold, in wetness, and with vibration. The claimant could also do no more than occasional work with moving mechanical parts or at unprotected heights. Additionally, the claimant was limited to receiving, comprehending, and executing simple, routine tasks.

PageID.48. The ALJ also found that through the date last insured, plaintiff was unable to perform any past relevant work.  PageID.55.

At the fifth step, the ALJ determined that through the date last insured, plaintiff could perform a significant number of unskilled jobs at the sedentary exertional level.  PageID.56-57.  Specifically, the ALJ found that plaintiff could perform the requirements of occupations in the national economy such as parts sorter (60,000 jobs), document preparer (52,000 jobs), and parts inspector (45,000 jobs).  PageID.56-57.  Accordingly, the ALJ determined that plaintiff was not under a disability, as defined in the Social Security Act, at any time from October 31, 2017 (the alleged onset date). through December 31, 2018 (the date last insured).  PageID.57.

## III.    DISCUSSION

Plaintiff listed a statement of error which included multiple non-specific claims:

**The Commissioner erroneously failed to give appropriate weight to the opinions of the medical experts, violated agency rules, failed in his duties to provide a fair and full hearing and misapplied the law.**

After reciting portions of medical record, plaintiff stated a one-paragraph argument:

In denying this claim, the ALJ erroneously found the opinions of Bambi LaHaie, LMSW and Diane Parrett, D.O. "unpersuasive" while finding the opinion of non-examining DDS psychological consultant Joe DeLoach, Ph.D. "persuasive" and State DDS medical consultant David Kroning, M.D. "partially persuasive" (PageID.27-28). In the absence of any contradicting medical opinion, the ALJ failed by not applying greater weight to the opinions of Claimant's treaters as Ms. LaHaie and Dr. Parrett would have been in the best position to opine regarding Claimant's medical diagnoses, prognosis and resulting disability.

Plaintiff's Brief (ECF No. 10, PageID.1087).

Plaintiff has developed no basis for reversing the ALJ's decision. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). In essence, plaintiff is asking this Court to perform a *de novo* review of her claim and to reverse the ALJ's decision. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard*, 889 F.2d at 681. The fact that the record also contains evidence which would have supported a different conclusion does not undermine the ALJ's decision. *Willbanks*, 847 F.2d at 303.

Next, in her conclusion, plaintiff contends that the ALJ committed error by failing to assign controlling weight to certain opinions:

Based on the foregoing, it is clear that there is ample evidence for both clinical observations and ongoing medical care to support the Claimant's asserted impairments. The Administrative Law Judge sites [sic] no substantial evidence to contradict those findings and, accordingly, the opinions of Bambi LaHaie, LMSW and Diane Parrett, D.O. should be given controlling weight. Therefore, the

> Claimant respectfully requests that the decision of the Administrative Law Judge be reversed and a fully favorable award of benefits be awarded on her behalf.

*Id*. at PageID.1087-1088.

Plaintiff's conclusion does not identify an error committed by the ALJ.  In this regard, "controlling weight" is not a relevant consideration.  The ALJ stated,

> As for the medical opinions and prior administrative medical findings, the Social Security Administration will not defer or give any specific evidentiary weight, *including controlling weight*, to any prior administrative medical findings or medical opinions, including those from your medical sources.

PgaeID.52 (citing 20 C.F.R. § 404.1520c) (emphasis added).  The ALJ's decision is consistent with the regulations which provide that for claims filed on or after March 27, 2017, the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a).

In evaluating medical opinions, the most important factors which the ALJ considers are "supportability" and "consistency":

> [W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record.

20 C.F.R. § 404.1520c(b)(2).[2]  If the ALJ finds that two or more medical opinions "are both equally well-supported and consistent with the record but are not exactly the same," the ALJ must

---

[2]    The regulations explain "supportability" in the following terms:  "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  20 C.F.R. §§ 404.1520c(c)(1) and 416.920c(c)(1).

The regulations explain "consistency" in the following terms: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the

articulate what factors were most persuasive in differentiating the opinions. 20 C.F.R. § 404.1520c(b)(3) (internal citations omitted).  As one court observed, "[t]hese new regulations plainly are less demanding than the former rules governing the evaluation of medical source opinions, especially those of treating sources." *Hardy v. Commissioner of Social Security*, -- F. Supp. 3d. --, 2021 WL 3702170 at *4 (E.D. Mich. Aug. 13, 2021).  Nevertheless, the new regulations set forth a minimum level of articulation for a reviewing court.  *Id.*

Here, the ALJ reviewed the medical evidence in detail and addressed the opinions referenced by plaintiff.  With respect to Dr. Loach, the ALJ concluded,

> I find Dr. DeLoach's opinion persuasive because it is consistent with the medical evidence and the record as a whole, including the claimant's history of mental health treatment, the mental status examination findings, the claimant's psychotropic medication regimen, and the claimant's reported activities of daily living.  Moreover, Dr. DeLoach is an experienced psychological consultant who has acquired expertise in evaluating claimants' impairments under the Social Security Act and Regulations.

PageID.53.

With respect to Dr. Kroning, the ALJ concluded,

> I find Dr. Kroning's opinion partially persuasive because his proposed limitations regarding lifting, carrying, standing, walking, postural activities, and environmental exposures are generally consistent with the medical evidence and the record as a whole, including the claimant's history of treatment, the objective medical studies, the clinical examination findings, and the claimant's reported activities of daily living.  Furthermore, Dr. Kroning is an experienced medical consultant who has acquired expertise in evaluating claimants' impairments under the Social Security Act and Regulations. In not finding Dr. Kroning's opinion more persuasive, I note that his proposed limitations on sitting [*i.e.*, sit for 4 hours total], are inconsistent with the medical evidence and the record as a whole, including the clinical examination findings and the claimant's reported activities of daily living, which do not establish that the claimant had any significant limitations in her ability to sit for extended periods.

PageID.53.

---

claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  20 C.F.R. §§ 404.1520c(c)(2) and 416.920c(c)(1).

With respect to Ms. LaHaie, the ALJ concluded,

I find the opinion of Ms. LaHaie and Ms. Wagner unpersuasive because it is inconsistent with the medical evidence and the record as a whole, including the claimant's history of treatment, the mental status examination findings, and the claimant's reported activities of daily living. Indeed, this opinion is also inconsistent with Ms. LaHaie's own treatment notes, which do not contain sufficient narrative statements or mental status examination findings to provide a corroborative basis for the substantial degree of limitation she proposed. Such inconsistencies suggest that Ms.LaHaie relied quite heavily on the claimant's subjective report of symptoms and limitations, and that she may have uncritically accepted as true most, if not all, of what the claimant reported. Yet, as explained above, there exist good reasons for questioning the consistency of the claimant's subjective complaints regarding her symptoms during the period under consideration.

PageID.54.[3]

Finally, in finding that Dr. Parrett's opinions were not persuasive, the ALJ stated:

The record also contains remote opinions that were already fully evaluated and weighed in the claimant's prior final ALJ decision in November 2017, including Dr. Parrett's February 2016 opinion (Ex. B1A; see Ex. B3F). As such, I will not be discussing these opinions in detail, and I find them unpersuasive in evaluating the claimant's functioning during the period currently under consideration.

PageID.54.

Plaintiff submitted later opinions from Dr. Parrett which included a statement dated June 18, 2020, and a Fibromyalgia Medical Source Statement by Dr. Parrett dated September 17,

---

[3] With respect to plaintiff's subjective complaints, the ALJ found "that the objective medical studies and clinical examination findings do not fully corroborate the claimant's alleged symptoms and limitations." PageID.52. "For example, despite the claimant's allegations of disabling pain and mental health symptoms, her treating and examining providers generally observed that she presented as alert, oriented, and cooperative with appropriate grooming, normal psychomotor activity, good eye contact, normal speech, logical thought processes, intact concentration, normal memory, intact insight, [and] intact judgment," "that the claimant reported some improvement in her mental health symptoms with consistent treatment and appropriate medication usage," and that her daily activities were not limited to the extent one would expect given her allegations of disabling symptoms. *Id.* "These activities included caring for her teenage daughter, driving, grocery shopping, preparing simple meals, washing dishes, light housecleaning, vacuuming, doing laundry, caring for her personal hygiene, managing her own money, helping to care for family pets, living with her family, crocheting, reading, and watching television (Ex. B3E; B7E; B12F/1, 23, 25, 61, 64, 86; Hearing Testimony)." *Id.*

2020 (more than one month after the ALJ denied plaintiff's claim).  PageID.36-39. Neither of these

documents were part of the administrative record reviewed by the ALJ:

> We also presented as new and material evidence a statement authored by Dr. Parrett dated June 18, 2020, which states:
>
> I have reviewed the Fibromyalgia Medical Source Statement prepared February 4, 2016, and feel the diagnosis and limitations remain the same. It should be noted that the diagnosis of fibromyalgia was also confirmed by M. Iyad Alsha, M.D., a rheumatologist. I have also reviewed the Mental Medical Source Statement authored by Bambi LaHaie, LMSW on December 4, 2018, and feel that it accurately reflects Ms. Nelson's condition as well. (PageID.9)
>
> While the above-mentioned statement is dated June 18, 2020, it was not received in our office until September 23, 2020.

Plaintiff's Brief at PageID.1086-1087.

When a plaintiff submits evidence that has not been presented to the ALJ, the Court

may consider the evidence only for the limited purpose of deciding whether to issue a sentence-

six remand under 42 U.S.C. § 405(g).  *See Sizemore v. Secretary of Health and Human Services*,

865 F.2d 709, 711 (6th Cir.1988). Under sentence-six, "[t]he court  .  .  .  may at any time order

the additional evidence to be taken before the Commissioner of Social Security, but only upon a

showing that there is new evidence which is material and that there is good cause for the failure to

incorporate such evidence into the record in a prior proceeding  .  .  .  " 42 U.S.C. § 405(g). In a

sentence-six remand, the court does not rule in any way on the correctness of the administrative

decision, neither affirming, modifying, nor reversing the Commissioner's decision.  *Melkonyan v.*

*Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to

light that was not available to the claimant at the time of the administrative proceeding and that

evidence might have changed the outcome of the prior proceeding."  *Id.*

"The party seeking a remand bears the burden of showing that these two

requirements are met."  *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477,

483 (6th Cir. 2006).  "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711.

Here, plaintiff has failed to demonstrate good cause.  She did not provide an explanation as to why it took three months for her counsel to receive a three-sentence "to whom it may concern letter" dated June 18, 2020.  Plaintiff has also submitted a Fibromyalgia Medical Source Statement by Dr. Parrett prepared more than one month after the ALJ entered the decision denying benefits. PageID.36-39.  Plaintiff provides no explanation for this document.

## IV.    RECOMMENDATION

For the reasons discussed, I respectfully recommend that the Commissioner's decision be **AFFIRMED**.

Dated:  May 25, 2022                          /s/ Ray Kent
                                              RAY KENT
                                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).